OPINION
{¶ 1} Rickey L. Davis was indicted with one count of domestic violence, a felony of the third degree, arising out of the assault of his live-in girlfriend, Rhonda Ziegler, on February 20, 2005. Davis moved to dismiss the charge, arguing that it violated the so-called Defense of Marriage amendment to the Ohio Constitution, Article XV, Section 11. On June 7, 2005, the court dismissed the charge. The state appeals.
 {¶ 2} The state's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DECLARED REVISED CODE SECTION 2919.25 UNCONSTITUTIONAL AS IT RELATES TO COHABITATING PARTNERS, PURSUANT TO ARTICLE 15, SECTION11 OF THE OHIO CONSTITUTION."
 {¶ 4} The state claims that the trial court erred when it found R.C. 2919.25 unconstitutional as it applies to persons living as spouses.
 {¶ 5} For purposes of his motion to dismiss, Davis conceded that he had lived with Ziegler at some time in the five years preceding the assault. There is no suggestion in the record that Davis and Ziegler were married, had been married, had children together, or were related. Accordingly, based on the record, Ziegler was a "person living as a spouse" under R.C. 2919.25(A).
 {¶ 6} This court has recently determined that, to the extent that R.C. 2919.25 extended its protection to "a person living as a spouse," it was rendered unconstitutional by the Defense of Marriage amendment, which became effective on December 2, 2004.State v. Ward, Greene App. No. 2005-CA-75, 2006-Ohio-1407. For the reasons set forth in Ward, the state's argument is without merit.
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
Brogan, J. and Fain, J., concur.